OPINION
Defendant-appellant Charles A. Hampton appeals the March 11, 1999 Judgment Entry of the Delaware County Court of Common Pleas which imposed sentence on appellant's robbery conviction. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
On October 10, 1997, the Delaware County Grand Jury indicted appellant on one count of aggravated robbery with a firearm specification in violation of R.C. 2911.01(A)(1); three counts of theft, each with a firearm specification, in violation of R.C.2913.02(A)(1); and one count of theft in violation of R.C.2913.02(A)(1). At his October 20, 1997 arraignment, appellant plead not guilty to each count. The trial court scheduled a jury trial for January 15, 1998. On the first day of trial, appellant withdrew his pleas of not guilty and entered a written plea of guilty to count one of the indictment, aggravated robbery with a firearm specification. In a January 15, 1998 Judgment Entry, the trial court dismissed the remaining counts of the indictment. In a February 24, 1998 Judgment Entry, the trial court sentenced appellant to three years in prison for aggravated robbery and three years in prison for the firearm specification. The trial court ordered the terms be served consecutively. On July 8, 1998, appellant filed a Motion to Vacate Judgment and Sentence, claiming his guilty plea was not entered knowingly, voluntarily, and intelligently. In a November 25, 1998 Judgment Entry, the trial court granted appellant's motion to withdraw his pleas. In a February 8, 1999 Judgment Entry, the trial court vacated its January 15, 1998 Judgment Entry which had dismissed counts two, three, four and five of the indictment. A new jury trial was scheduled to commence on February 9, 1999. On the first day of trial, after the jury was seated, appellant again withdrew his prior pleas of not guilty and entered a written plea of guilty to the lesser included offense of robbery with a firearm specification, in violation of R.C. 2911.02(A)(2). The parties filed the written Crim.R. 11 negotiated agreement on February 9, 1999. In a March 11, 1999 Judgment Entry, the trial court sentenced appellant to a term of two years in prison for the robbery conviction and an additional one year mandatory and consecutive term on the firearm specification pursuant to R.C.2929.14(D)(1). The sentence was in accordance with the plea agreement. It is from this judgment entry appellant prosecutes his appeal, assigning as error:
 I. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA AS IT WAS NOT KNOWING [SIC] AND VOLUNTARILY MADE.
 II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT WHEN IT FOUND IT HAD NO CHOICE BUT TO IMPOSE PRISON.
 I
In his first assignment of error, appellant maintains the trial court erred in accepting his guilty plea because it was not knowingly and voluntarily made. We do not agree. Crim.R. 11 provides the circumstances under which a trial court may accept a guilty plea. It provides in pertinent part: (C) Pleas of guilty and no contest of felony cases
* * *
(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at trial at which the defendant cannot be compelled testify against himself or herself.
We have reviewed the transcript of the February 9, 1999 proceedings at which the trial court accepted the guilty plea. T. at 7-17. We find the trial court addressed appellant personally and conducted an exhaustive and thorough examination as required by Crim.R. 11. Further, appellant entered into a written plea of guilty in which appellant admitted he had been advised of his rights, understood the nature of the charges, and the rights he gave up by entering a guilty plea. Because the record presently before this Court demonstrates compliance with Crim.R. 11 and gives no support to appellant's claim his plea was not knowingly and voluntarily made, appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court erred in finding it had no choice but to impose a prison term. We disagree. A sentence imposed upon a defendant is not subject to review as of right if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. R.C. 2953.08(D). We hold when a trial court imposes a sentence in accordance with an agreement between a defendant and the prosecutor, and the length of the sentence falls within the permissible parameters provided in R.C. 2929.14(A), the sentence is authorized by law. In the matter sub judice, appellant pled guilty to robbery. R.C. 2911.02(B) specifies robbery is a felony of the second degree. For a second degree felony, R.C. 2929.14(A) permits a trial court to impose a definite prison term of two, three, four, five, six, seven, or eight years. In addition, R.C.2929.14(D)(1)(a)(i) requires a trial court to impose an additional one year prison term for a firearm specification where the offender had a firearm on or about the offender's person or under the offender's control while committing the offense. Because the trial court sentenced appellant within the permissible parameters, the sentence was authorized by law. Appellant's second assignment of error is overruled.
The judgment of the Delaware County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Edwards, J. concur